IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CASSANDRA CRAVENS<br>635 TERRACE STREET<br>JEFFERSON, LOUISIANA 70121<br><br>Plaintiff,<br><br>v.<br><br>PACT INC.<br>1828 L ST NW<br>SUITE 300<br>WASHINGTON, DC 20036<br><br>Serve: National Registered Agents, Inc.<br>          1015 15th Street, Suite 1000<br>          Washington, DC 20005<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  Civil Action No._____ |

## **COMPLAINT**

COMES NOW, Plaintiff, Cassandra Cravens, by and through her undersigned counsel and hereby sues Pact Inc. ("Pact") for violation of the DC Human Rights Act, D.C. Code Ann. §2-1401, et. seq. and Title VII of the Civil Rights Act of 1964, and in support thereof, hereby states as follows:

## **PARTIES**

1.   Plaintiff is a female and adult resident of the State of Louisiana

2.   Defendant Pact is a District of Columbia corporation with its principal place of business located in the District of Columbia.

## JURISDICTION AND VENUE

3.     Plaintiff invokes this Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship, and this matter exceeds the sum or value of $75,000.

4.     Venue is proper in this Court because at the time of the transactions and occurrences giving rise to this matter, Defendant Pact maintained a principal place of business in Washington, D.C, and because a substantial portion of the events or omissions giving rise to this action occurred there.

## FACTS OF THE CASE

5.     Plaintiff was hired by Defendant Pact on or about August 7, 2006.

6.     Plaintiff has been an employee of Pact since 2006 and has been serving in the role of Pact's Country Director for Ethiopia since 2014.

7.     Mark Viso is the Chief Executive Officer of Pact and is responsible for implementing Pact's policies and procedures and for its hiring and firing decisions.

8.     Pact is a nonprofit international development organization.

9.     Plaintiff has been a highly respected and valued member of Pact's staff, as revealed by her prior performance appraisals.

10.    Further, Plaintiff was provided with a pay raise in late 2017 that took effect in January 2018. Her base salary was $126,800.00 and her total annual compensation was $238,500.89.

11.    During her tenure as Pact's Country Director for Ethiopia, Plaintiff has been responsible for generating more than enough revenue to operate her office, including covering her own salary and related costs.

12. Moreover, from February to July 2018, Plaintiff also exceeded her targets of diversification by expanding the donor base by 300% .

13. During visits in 2018 by Pact senior leadership (Todd Malone, Kurt Macleod and Trevor Masiri), Plaintiff was provided with extremely positive feedback on performance and all expressed an "appreciation of all that Cassandra was managing within a complex operating environment."

14. Notwithstanding her valuable contributions to Pact, on or about July 6, 2018, Plaintiff was notified that she was being terminated, effective October 5, 2018.

15. The stated reason for Plaintiff's termination was that she was not generating enough revenue and that her pipeline for additional donations was not robust enough.

16. Defendant's stated reason for Plaintiff's discharge is patently and provably false.

17. For 2017, Plaintiff and her team provided valuable input into the design of two cross border awards from the European Union Trust Fund, and she has since secured three new awards, which have brought three new donors to the country portfolio.

18. Through this effort, Plaintiff had secured enough funding for her office for at least the next year and, assuming that her existing grants would be renewed as expected, she had secured adequate funding for as much as the following year.

19. The real reason for Plaintiff's unexpected termination is that she is the victim of discrimination on the basis of her gender in violation of the DC Human Rights Act and Title VII of the Civil Rights Act of 1964

20. When an employer provides a provably false reason for termination as Pact has done in this case, the stated reason is a mere pretext for discrimination.

21. Reviewing Glassdoor shows that Mark Viso, Pact's President and CEO, is universally disliked by the staff, considered a bully, relishes in making his employees cry, and thinks nothing of terminating competent staff who bruise his fragile ego.

22. Viso is particularly threatened by women who challenge his authority and seek to rise to higher positions within the organization.

23. Pacts' gender census would appear to indicate that women are well represented throughout the organization, hold a majority of the middle and entry level positions, and are even more highly compensated than men overall. However, a closer look reveals that there is very little room for women at the senior and executive levels.

24. In fact, at the time that Plaintiff was terminated, there were no women at all at the executive level at Pact and only 40% of the top posts overall are women.

25. Further, Pact has an abysmal track record when it comes to promoting women in the workplace, most notably to executive and high level leadership positions.

26. Pact also has a poor record of terminating women for no valid reason or creating situations where female employees feel they have no viable option other than to quit their jobs.

27. These facts and statistics, coupled with the information gleaned from Glassdoor and former female employees at Pact, reveal that the real reason that Plaintiff was terminated was on the basis of her gender and thus, a clear case of discrimination and wrongful discharge.

28. Plaintiff has suffered and continues to suffer harm and damages as a result of the discrimination that she has suffered.

29. On or about September 22, 2018, Plaintiff filed a Charge of Discrimination with the DC Office of Human Rights, alleging discrimination on the basis of her gender, thereby exhausting her administrative remedies in this matter.

**COUNT I**
**VIOLATION OF DC HUMAN RIGHTS ACT, D.C. CODE ANN. §2-1401, ET. SEQ.**

30. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

31. Pursuant to the DC Human Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of her gender.

32. Plaintiff was terminated on the basis of her gender in violation of the DC Human Rights Act.

33. Based on the facts incorporated herein, it is clear that Plaintiff's work performance and contributions at Pact were positive and appreciated by senior leadership members Todd Malone, Kurt Macleod, and Trevor Masiri.

34. Despite Plaintiff's proficient work performance at Pact, facts, statistics, and statements from former female employees at Pact, coupled with the information gleaned from Glassdoor-- including that Pact CEO, Mark Viso, is particularly threatened by women who challenge his authority and who seek to rise to higher positions within the organization-- reveal that the real reason that Plaintiff was terminated was on the basis of her gender, thus demonstrating a clear case of discrimination and wrongful discharge.

35. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendants' unlawful actions.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000e**

36. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

37. Pursuant to Title VII, it is unlawful for an employer to discriminate against an employee on the basis of her gender.

38. Plaintiff was terminated on the basis of her gender in violation of Title VII.

39. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendants' unlawful actions.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment favor of Plaintiff and against Defendants:

A. On Count I (Violation of the DC Human Rights Act), economic damages in the amount of $150,000.00, Compensatory Damages in the Amount of $500,000.00 and Punitive Damages in the amount of $500,000.00;

B. On Count II (Violation of Title VII of the Civil Rights Act of 1964), economic damages in the amount of $150,000.00, Compensatory Damages in the Amount of $300,000.00 and Punitive Damages in the amount of 300,000.00;

C. Award Plaintiff all of her fees and costs associated with this matter, including her attorneys' fee; and

D. Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## **JURY TRIAL**

Plaintiff requests that all matters in this case be tried by a jury.

Dated: Respectfully Submitted,

/s/Neil S. Hyman
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com
*Counsel for Plaintiff*